■ JUAN CARLOS CRESPO, Appellant, v ELRAC, INC., et al., Respondents. [837 NYS2d 182]— In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Hurkin-Torres, J.), dated January 24, 2006, which granted the defendants' motion for leave to reargue their prior motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), which had been denied in an order dated October 7, 2005, and upon reargument, vacated the order dated October 7, 2005, granted the defendants' motion for summary judgment, and denied the plaintiff's motion for leave to amend his bill of particulars, and (2) an order of the same court dated June 19, 2006.

Ordered that the appeal from the order dated June 19, 2006, is dismissed as abandoned; and it is further,

Ordered that the order dated January 24, 2006, is modified, on the law, by deleting the provision thereof which, upon reargument, vacated the order dated October 7, 2005, and granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) and substituting therefor a provision, upon reargument, adhering to the determination in the order dated October 7, 2005, denying the defendants' motion for summary judgment; as so modified, the order is affirmed, and it is further;

Ordered that one bill of costs is awarded to the plaintiff.

As the plaintiff correctly argues, the defendants' motion for summary judgment was untimely (see CPLR 3212 [a]; Brill v City of New York, 2 NY3d 648 [2004]). Since the defendants never sought leave on a showing of good cause from the Supreme Court to submit an untimely motion for summary

judgment, the Supreme Court should not have entertained the motion in the first instance (*see* CPLR 3212 [a]; *Brill v City of New York, supra*).

The parties' remaining contentions are without merit. Mastro, J.P., Ritter, Skelos, Carni and McCarthy, JJ., concur.